UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE OHARA-EKHOLT,

    Plaintiff,

v.                                                CASE NO: 8:10-cv-258-T-23AEP

BEDREY TRIPATHY, et al.,

    Defendants.
_____/

## O R D E R

On June 5, 2009, the plaintiff sued Vanguard Car Rental USA, Inc., ("Vanguard") and Bedrey Tripathy in state court. Vanguard removed, and an August 25, 2009, order dismissed Vanguard. See Ohara-Ekholt v. Vanguard Car Rental USA, Inc., No. 8:09-cv-1338-T-23TBM (M.D. Fla. Aug. 25, 2009). A September 28, 2009, order remands the action to state court. The plaintiff amended the complaint in state court and added Allstate Insurance Company as a defendant. Although nearly ten months have passed since the plaintiff initiated this action, the plaintiff has served neither Tripathy, who is a citizen of India, nor Allstate Insurance Company. Nevertheless, on January 21, 2010, Tripathy removed this action "without waiving the requirement that Plaintiff properly serve Defendant Bedrey Tripathy pursuant to the Hague Convention and all other applicable laws."

A March 26, 2010, order (Doc. 17) requires the plaintiff to serve the remaining defendants before May 21, 2010. The order states, "Because the plaintiff has enjoyed almost a year to effect service, no further extension of time to effect service will be granted. The plaintiff is cautioned that failure to effect service by May 21, 2010, will

result in dismissal of this action without further notice." On the day before the service deadline, the plaintiff submits a "notice of voluntary dismissal without prejudice as to defendant Allstate Insurance Co., only." The plaintiff's notice of voluntary dismissal (Doc. 19) is **APPROVED**, and the plaintiff's claims against Allstate Insurance Company are **DISMISSED WITHOUT PREJUDICE**. Despite generous extensions of time to serve the defendant Bedrey Tripathy, the plaintiff fails to submit proof of service. Accordingly, the plaintiff's claims against Bedrey Tripathy are **DISMISSED WITHOUT PREJUDICE** for failure to serve and failure to prosecute. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on May 25, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE